## In Re: Petition of City of Pittsburgh.

Argued April 27, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Thomas M. Benner,* First Assistant City Solicitor, and with him *Chas. A. Waldschmidt,* City Solicitor, for City of Pittsburgh, cited: Freiler v. Schuylkill County, 46 Pa. Superior Ct. 59; Com. ex rel. Graham v. Cameron, 259 Pa. 209.

*Harry A. Estep,* and with him *James T. Philpott* and *Arthur L. McLaughlin, Jr.,* for Michael DeRosa, Jr., cited: Thomas's Election, 198 Pa. 546; Hays Election, 6 Lackawanna Jurist 298.

OPINION BY TREXLER, P. J., July 14, 1933:

At the primary election held on September 15, 1931, Michael DeRosa, Jr., was nominated for the office of alderman of the 12th Ward by an apparent majority of 52 votes over William A. Means, the incumbent. The latter initiated a contest by attacking the vote returned in the fifth district of said ward. DeRosa filed a responsive answer, and at the same number and term presented petitions attacking the returns in the 8th, 10th, 12th and 14th districts. After the contest was decided in favor of DeRosa, the question remained as to the disposition of the costs. In the first instance the court directed that the costs be equally divided between the parties, later on it directed that one-fifth of the costs should be paid by the contestant, Michael DeRosa and four-fifths of the costs to be paid by the City of Pittsburgh, and from that order the two appeals, we are considering, were taken.

Under the Act of April 28, 1899, P. L. 118, amending Section 9 of the Act of May 19, 1874, P. L. 208,

it is provided, that proceedings for the contest of an election shall be initiated by a petition setting forth the cause of complaint wherein it is claimed that the election is undue or illegal, and the return thereof not correct. Notice of the filing of the petition shall be given to the person whose right of office shall be contested. All through the act it is very evident that the parties referred to are the one who on the face of the return is elected and the other who claims that the return is not correct, and that he, instead of the man apparently elected, is entitled to the office. As to primary elections the same law applies, Act of May 25, 1921, P. L. 1125, but it is the nomination in such cases which is the subject of the contest. The position of the lower court is taken upon the assumption that not only was Means a contestant, but that DeRosa was, because he filed petitions attacking returns of the districts above referred to. It is obvious that DeRosa was not attempting to upset the returns which showed that he was nominated. His petition and answer were in the nature of a rebuttal. In other words, instead of confining the question of the legality of the votes cast to the fifth district, he wished the court to investigate the other districts. The petitions that DeRosa filed are not printed in the record before us, but it is very evident that he was not challenging the right of the person, who upon the returns was nominated, for he was that very person. If we are correct in this assumption that DeRosa was not a contestant, and look at the Act of April 28, 1899, supra, we find that there is this definite provision: "In contested elections of president or additional law judges, and of county, borough, township, municipal officers, or school directors, or school controllers, if the contestant or contestants fail to establish his or their right to the office to which he or they claimed to have been elected, the petitioners and each and every of them shall be jointly and severally liable for all the costs." In the pres-

ent case this can apply to no one else than Means. It is only in cases where the contestants is successful by showing that the person returned as elected is not entitled to the office, but that the contestant is, that the costs can be placed on the proper township, etc. The court could not dispose of the costs other than the way plainly directed in the act. Means was the contestant, who failed to show his right to be the party candidate for the office to which he claimed he had been nominated, therefore, the costs should be imposed upon him instead of upon DeRosa and upon the City of Pittsburgh. We see no reason why the plain instructions of the act should not be carried out.

The assignments of error are sustained and the order of the court is reversed, and William A. Means is directed to pay the costs of the contest and of this appeal, this order to be entered on each appeal.